## MATTER OF THE

### In VISA PETITION Proceedings

### A-14048590

*Decided by Board October 22, 1964*

Under the law of Indonesia acknowledgment alone by the natural father of a
child born out of wedlock does not constitute legitimation; Article 275 of the
Civil Code of April 30, 1947, requires a declaration of the Governor-General
(and at present, the President of the Republic of Indonesia) after a consulta-
tion with the Supreme Court, for the legitimation of a legally acknowledged
child.

The case originally came forward on appeal from the order of the
District Director, Detroit District, dated November 26, 1963 denying
the visa petition for the reason that the beneficiary was not a parent as
defined in section 101(b) (2) of the Immigration and Nationality Act
in that the petitioner failed to meet the status of a stepchild as defined
in section 101(b) (1) (B) of the Act; and that a stepchild born out of
wedlock derives no status as a stepchild by reason of the marriage of
the natural father to a person other than the child's mother. On
January 24, 1964 we remanded the case for a statement from the peti-
tioner regarding the religion and race of herself and of her natural
parents. We further directed that the possibility of legitimation
under the law which prevailed in Batavia, West Java, which was the
former Netherlands East Indies at the time of the petitioner's birth,
should be explored and made a part of the record. The District Di-
rector, Detroit District, again held that the document the petitioner
submitted in support of the legitimation of the petitioner constitutes
an acknowledgment by the petitioner's father that she is his natural
child but that the document is not an act of legitimation since it fails
to meet the requirement that a legally acknowledged child may be
legitimated only through a declaration of legitimacy issued by the
Governor-General after consultation with the Supreme Court.

The petitioner, a native of Batavia, West Java, Indonesia, born on
April 12, 1931, female, a naturalized citizen of the United States, seeks
preference status under section 203(a) (2) of the Immigration and

Nationality Act on behalf of her alleged stepmother. The beneficiary is a native and citizen of Djakarta, West Java, Indonesia, born on November 8, 1918.

In accordance with our prior order a sworn statement was taken from the petitioner on March 19, 1964 by an immigrant inspector. The petitioner testified that her natural father was born in Java and that both her parents were of full-blooded Chinese ancestry, that their religion was Buddhism but that she herself went to a Protestant school and subsequently enrolled with nuns at a Catholic school. She also testified that her maternal grandparents were racially Chinese although she indicated that all her grandparents were born in Java. The document submitted in support of the visa petition indicates that the petitioner was born on April 12, 1931, her natural mother died in Batavia, Indonesia on May 26, 1931, her natural father acknowledged his parentage on June 5, 1931 and he married the beneficiary on March 31, 1935.

The petitioner seeks to qualify the beneficiary as her stepmother. Section 101(b)(1)(B) and section 101(b)(1)(C) would appear pertinent. These subsections provide that the child must not have reached the age of 18 years at the time the marriage creating the status of stepchild occurred or at the time the legitimating act took place. Inasmuch as the stepchild and stepparent relationship arises out of the marriage of the petitioner's natural father and the beneficiary she must have been legitimated in relation to her natural father to qualify as a stepchild.[1]

In his brief counsel bases his appeal on sections 261 and 262 of the first part of the Indonesian Civil Code relating to the descent of legitimate children which provides that where legitimate children cannot produce birth certificates, they may prove that they are legitimate children by other methods described in those sections. However, the primary issue is whether or not the petitioner was ever legitimated under Indonesian law.

The matter was submitted to the Library of Congress, Far Eastern Law Division. The Civil Code for Indonesia of April 30, 1947 remains effective and its provisions remain applicable to the Chinese of India. The alleged natural father has only acknowledged the petitioner as being his child. However, the legitimation process seems to have been incomplete since, according to Article 275 of the Civil Code, the legitimation of a legally acknowledged child requires a declaration of the Governor-General (and at present, the President of the Republic of Indonesia) after a consultation with the Supreme Court. Article 280 of the Civil Code provides that in the act of acknowledge-

---

[1] *Matter of W—*, 7 I. & N. Dec. 685.

ment of a natural child, a civil relationship is created between the child and the parent who acknowledges him. This relationship entitles the child to the use of the parent's surname and other legal rights. According to Article 862 *et seq.* of the Civil Code, the most significant legal distinction between a legitimate child and a legally acknowledged child exists in the matter of inheritance. The acknowledged child is entitled to a lesser portion of the inheritance than the legitimate child. The acknowledgement of a natural child creates a family relationship only between the parent and the child but not between the child and the parent's kinfolk. Through acknowledgement, a bilateral obligation to aliment (support) is created between the child and his parent. However, this obligation binds the acknowledged child only to his parent, whereas it binds the legitimate child to further ascendants.

As stated in the report from the Library of Congress, the child appears to have been legally acknowledged thus acquiring some civil rights. However, as further indicated in that report, the legitimation process appears to have been incomplete, since according to Article 275 of the Civil Code, the legitimation of a legally acknowledged child requires a declaration of the Governor-General (and at present, the President of the Republic of Indonesia) after a consultation with the Supreme Court. No evidence has been submitted that the legitimation process was ever completed. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.